UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:90-cr-00114-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Vs. | )   ORDER |
| | ) |
| **HARRY RONALD RICE,** | ) |
| Defendant(s). | ) |

**THIS MATTER** is before the court on defendant's Motion for Writ of Error Coram Nobis (#2) and Motion to Expand the Record (#3). Defendant contends that he has served his sentence, and a review of the Bureau of Prisons Inmate Locator reveals that defendant was released from federal custody January 6, 1995. Thus, the court will conduct an initial screening of the motion.

## I.   Writ of Error *Coram Nobis*

Preliminary review of the defendant's motion reveals that defendant is contending that his conviction should be set aside because:

(1)   this court lacked subject matter jurisdiction over this matter;
(2)   his conviction was contrary to the intent of Congress and guidelines issued by the United States Attorney's Office;
(3)   exculpatory material was never presented to the jury;
(4)   erroneous tax laws were presented to the jury by the prosecutor; and
(5)   the court failed to instruct the jury on essential elements of the offense.

Motion for Writ (#2), at 2. Under 28 U.S.C. § 1651(a), *Coram nobis* relief is only available when all other avenues of relief are inadequate and where the defendant is no longer in custody. In re Daniels, 203 F. App'x 442, 443 (4th Cir. 2006) (unpublished); United States v. Mandel, 862 F.3d

1

1067, 1075 (4th Cir. 1988). Even where a defendant has served his or her time and believes that they were unjustly convicted, *coram nobis* relief is only available in very limited circumstances.

Recently, the Court of Appeals for the Fourth Circuit held, as follows:

> As a remedy of last resort, the writ of error coram nobis is granted only where an error is "of the most fundamental character" and there exists no other available remedy. United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir.1988). The writ is narrowly limited to "'extraordinary' cases presenting circumstances compelling its use 'to achieve justice.'" *United States v. Denedo*, 556 U.S. 904, 129 S.Ct. 2213, 2220, 173 L.Ed.2d 1235 (2009) (*quoting United States v. Morgan*, 346 U.S. 502, 511, 74 S.Ct. 247, 98 L.Ed. 248 (1954)). Thus, the writ provides relief in cases where the error "rendered the proceeding itself irregular and invalid." *United States v. Addonizio*, 442 U.S. 178, 186, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979) (internal quotation marks and citation omitted) (superseded by statute on other grounds). A petitioner seeking this relief must show that "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir.1987).

United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012). The court will review defendant's request for relief in light of the four elements required under Akinsade, *seriatim*.

### A. Availability of a More Usual Remedy

A more usual remedy is not available because defendant is no longer in custody. Id.; see 28 U.S.C. §§ 2241 & 2255. This factor weighs in favor of defendant

### B. Whether Valid Reasons Exist for not Attacking the Conviction Earlier

Defendant indicates in his motion indicates that he *did* attack the conviction while incarcerated, both on direct appeal and through successive Section 2255 motions, and through filing civil actions against the judge, the United States Attorney, the assistant United States Attorney who prosecuted the case, the case agent, and his attorney. He further contends that when this court eventually prohibited further filings in this court, he filed an action for appropriate relief in state court. In addition, defendant contends that he more recently (in 2011)

2

filed a complaint with the Department of Justice Office of Professional Responsibility alleging misconduct by an assistant United States Attorney, a federal agent, and the presiding judge. Motion for Writ (#2) at 8 and Exhibit G (#2-1). Based on defendant's contentions as to what he earlier alleged in such -- which the court has taken as true for the limited purpose of such preliminary review -- it appears that he has in fact presented most if not all of the issues he attempts to raise in support of issuance of writ. See Motion for Writ (#2) at ¶¶ 8-17. Most recently, this court dismissed a civil action brought by defendant in state court, in which he sued the United States and asked that the state court order "void *ab initio*" the judgment previously imposed by this court, suggesting therein that this court lacked subject matter jurisdiction in this action. See Rice v. United States, 2012 WL 5897352 (W.D.N.C. Nov. 21, 2012) (Keesler, M.J.).

Defendant has shown that he is dissatisfied with the results of his previous efforts to overturn his convictions, that he believes those decisions were wrong, and that he feels the decisions did not address all of the claims he may have raised. He has not, however, proffered a "valid reason for not attacking the conviction earlier" as he has, in fact, attacked such convictions most thoroughly. See In re Rice, 522 U.S. 1106 (1998); Rice v. United States, 513 U.S. 1033 (1994); Rice v. United States, 513 U.S. 836 (1994); Rice v. United States, 506 U.S. 898 (1992); United States v. Rice, 106 F.3d 393, 1997 WL 20388 (4th Cir. 1997); United States v. Rice, F.3d 413, 1994 WL 4681 (4th Cir. 1994); United States v. Rice, 961 F.2d 211, 1992 WL 90278 (4th Cir. 1992); Rice, 2012 WL supra; and United States v. Rice, 815 F.Supp. 158 (W.D.N.C. 1993). As defendant has availed himself of the post-conviction collateral review process by way of two motions to vacate pursuant to 28 U.S.C. § 2255, and substantially raised the issues he herein seeks to again litigate, he cannot show a "valid reason for not attacking the conviction" as he has in fact attacked the convictions multiple times, just without success. See

Carlisle v. United States, 517 U.S. 416, 429 (1996) ("[I]t is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate.") (internal quotation marks omitted).

### C. Third and Fourth Elements

As defendant has not made the requisite showing under the second inquiry, the court will not review the third and fourth elements.

## II. Conclusion

In reviewing a petition for a writ of error *coram nobis*, the Court "must presume that the underlying proceedings were correct, and the burden of showing otherwise rests on the petitioner." Hanan v. United States, 402 F.Supp.2d 679, 684 (E.D. Va. 2005), aff'd, 213 F. App'x 197 (4th Cir. Jan. 22, 2007). As such consideration of the motion is on initial review, the court has fully credited defendant's allegations concerning what attempts he has made in seeking direct and collateral review of the conviction. The burden placed on a defendant who seeks a writ of *coram nobis* exceeds, however, the burden placed on a petitioner who, like defendant herein, seeks federal habeas corpus relief under § 2255. Id.

> This heavier burden is justified in coram nobis proceedings, because where, as here, the petitioner has completed his sentence, the government is unlikely to allocate scarce prosecutorial resources to retry a defendant who will not be resentenced. Thus, unlike a habeas proceeding, society's interest in preserving a valid conviction is greatly diminished, as there is no sentence to be completed.

Id. Not only do the contentions in defendant's motion run contrary to showing a valid reason for not seeking relief earlier, such allegations in fact show that he sought relief in various forms, but that such relief was denied. Indeed, defendant has failed to show a sound reason for failing to bring this action sooner than 18 years after his release from prison. See Foreman v. United States, 247 F. App'x 246, 248 (2d Cir. Sep. 11, 2007) (denying coram nobis petition where

4

petitioner failed to provide sufficient justification for six-year delay in seeking relief).

Having considered defendant's motion and reviewed the pleadings, the court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Writ of Error Coram Nobis (#2) and Motion to Expand the Record (#3) are **DENIED**.

A copy of this Order shall be sent by the Clerk of Court to the United States Attorney, attention AUSA Ray.

Signed: February 15, 2013

Max O. Cogburn Jr.
United States District Judge